## BRADLEY ET AL. *v.* THE INDIANAPOLIS BUILDERS AND MANUFACTURERS' ASSOCIATION ET AL.

### BROWN *v.* BRADLEY ET AL.

APPEARANCE.—*Cross Complaint.*—*Answer.*—Where an answer has been filed by a defendant, and on its face it is uncertain whether it was intended as an answer to the original complaint only, or to that and a cross complaint by a co-defendant, and the plaintiff in the cross complaint, regarding it as an answer to his cross complaint, filed a reply accordingly, and the issues joined were submitted for trial, and on the trial evidence was offered upon, and a full investigation had of, the matters set up in the cross complaint, without objection, and there was a finding for the plaintiff therein; it must be *held* that the answer applied to the cross complaint, and constituted an appearance by the defendant to the cross complaint of his co-defendant.

APPEAL from the Marion Circuit Court.

WORDEN, C. J.—This action was commenced by Ellison Brown against Benjamin O. Enos, Bradley and Kitchen, and the Indianapolis Builders and Manufacturers' Association.

The object of the suit was to recover the value of certain painting and glazing done by Brown upon a building being erected in the city of Indianapolis for Bradley and Kitchen. Enos appears to have been the contractor. The action was based on the assumption that the work was done for Bradley and Kitchen. Brown had not taken the necessary steps to acquire a lien, upon the property, nor had he given such notice as is required by the amended 649th section of the statute on the subject of mechanic's liens, in order to hold the owners personally responsible. 3 Ind. Stat. 335. It is alleged in Brown's complaint that there is in the hands of Kitchen and Bradley, due to Enos, the sum of $450, and that the above named association has notified Bradley and Kitchen that it has a claim for materials furnished Enos for the building, for which it will look to them; wherefore, they refuse to pay Brown; hence the association is made defendant and required to answer as to its interest in the fund.

The association appeared and filed an answer of general denial, and a paragraph by way of cross complaint setting

up their claim against Enos for materials furnished for the building, and notice to Bradley and Kitchen, requiring them to answer the same and demanding judgment against them. Afterward the defendants Bradley and Kitchen filed an answer, which appears to have been regarded, and seems to us to have been intended, as an answer to the original complaint of Brown and the cross complaint of the Association. It is entitled as in the original action, but has this preliminary statement. "The answer of John H. Bradley and John M. Kitchen, jointly made to the complaint of the complainants, as follows," etc. The answer contains matter pertinent to the cross complaint of the Association. The following extracts from the answer will illustrate: "These defendants further answering say, that on settlement with said Enos for the building and completing of said houses in every respect, including the work and materials done and furnished by said complainant Brown, and by every one else, there was found due to said Enos, the sum of four hundred and fifty dollars, which sum and balance these defendants have always been ready to pay and are now ready, but have been prevented by the action and conflicting claims of the employees of said Enos. That on the 28th day of July, and before the houses were finished, the defendant, the Indianapolis Builders and Manufacturers' Association, served on these defendants a written notice of a lien for materials furnished said Enos for said houses to the amount, as claimed, of $——, notifying these defendants not to pay to other parties any money coming to said Enos, a copy of which notice is hereto annexed. These defendants at the time of receiving said notice did not exactly know how much money would be required to complete said houses as said Enos had contracted to complete them, and as they were not then completed or surrendered to them, had not made any final settlement with said Enos, but were of opinion, and now aver, that there was not then in their hands coming to said Enos, more than about one hundred dollars over and above the amount needed to complete them. The

defendants further answer that said work and materials claimed for by the complainant and by said Indianapolis Builders and Manufacturers' Company, and by every other person in connection with the building of their said houses, were done and furnished by said parties to and for said B. O. Enos, and under contracts with him and as his employees, and not in any case as the employees of these defendants, and these defendants do not know and cannot answer as to amount of the claim of the complainant or any of them, or how much is due to any of them.

The answer in question proceeds to say, that " these defendants are desirous to be permitted to pay, as the court may order, the remainder of the money that is coming to said Enos under said contract, and to be wholly discharged from all further trouble and responsibility for or on account of the work and materials done on said houses or of the building of the same, and they object to any judgment being rendered against them in this or any other case concerning the same, but pray the court to receive the said sum of money due from these defendants and properly distribute the same, and make a decree wholly freeing and discharging these defendants and their property from all further liability," etc.

Brown filed replies to the answers of Bradley and Kitchen and the Association.

The Association filed a reply to the answer, as the record states, of the defendants Kitchen and Bradley to her cross complaint herein, as follows: "The Builders and Manufacturers' Association for reply to the answer of said Kitchen and Bradley, says she admits all the matters therein set forth except as to the amount due and to become due, to said Enos after she served said notice, to wit, July 28th, 1868, and she says that the sum of one thousand dollars was due and came due said Enos from said Kitchen and Bradley after said date."

The cause was submitted to the court for trial, by the agreement of the parties. On the trial, evidence was given and received without objection, tending to establish the

claim of the Association against Kitchen and Bradley as set up in the cross complaint of the Association.

The court found against the plaintiff Brown on his complaint against Kitchen and Bradley, and in favor of the Association on her cross complaint against Kitchen and Bradley, and assessed her damages at the sum of four hundred and fifty dollars, and entered judgment accordingly, having overruled motions for a new trial made respectively by Brown and by Kitchen and Bradley.

Brown and Kitchen and Bradley have assigned errors.

It may be observed that no question was made in the court below, nor is there here, as to the *validity* of any of the pleadings, nor as to the admission or rejection of evidence. The sole question raised by Brown's assignment of error is, whether the finding was sustained by the evidence; and the same may be said as to the assignment of error by Kitchen and Bradley, except the further question, whether there was an appearance and an answer by Kitchen and Bradley to the cross complaint of the Association.

It is claimed by counsel for Kitchen and Bradley that as no process was issued against them to make them parties to the cross complaint of the Association against them, and as they did not appear or answer thereto, the finding and judgment thereon against them was without jurisdiction and void. This question was urged upon the consideration of the court on the motion for a new trial. We have set out enough of the record and of the history of the case to show, conclusively to our minds, that the answer filed by Kitchen and Bradley was intended by them as an answer to both the original complaint of Brown and to the cross complaint of the Association; that it was so received and acted upon by the parties and the court, not only in closing the issues, but also in the final trial of the cause. The ruling of the court below, upon the point being brought to its attention on the motion for a new trial, strengthens the conclusion that not only the parties, but also the court, considered that Kitchen and Bradley had answered the cross complaint. To hold that

the cross complaint was not answered would be to tolerate a practice which we should be slow to adopt. An answer is filed which on its face is uncertain whether intended as an answer to the original complaint only, or to that and a cross complaint also. The plaintiff in the cross complaint regards it as an answer to his complaint, and files his reply accordingly. The issues thus joined are, by the agreement of the parties, submitted for trial; and on the trial, evidence is offered upon, and a full investigation had of, the matters set up in the cross complaint, without objection, and there is a finding for the plaintiff therein. Under such circumstances, it must be held that the answer applied to the cross complaint.

On the evidence we cannot reverse the judgment, in respect to either party, without violating the well established rule on that subject. In regard to the case of Brown, there was some conflict in the evidence whether the work was done for Kitchen and Bradley, or for Enos. If for Enos alone, there was no ground shown for a recovery against Kitchen and Bradley. Nor can we say that there was not sufficient evidence to justify the recovery by the Association against Kitchen and Bradley.

The judgment below is affirmed, with costs.

*B. K. Elliott, C. L. Holstein, W. Morrow,* and *N. Trusler,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellees.